IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FIRST HAWAIIAN BANK, a Hawaii corporation, | ) ) ) | CV. NO. 08-00177 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| DAVID BARTEL, an individual, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

<u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>

On September 22, 2008, the Court heard Defendant's Motion.
Howard Steinberg, Esq., and Kelly LaPorte, Esq., appeared at the hearing on behalf
of Plaintiff; Donald Drummond, Esq., and Judy Tanaka, Esq., appeared at the
hearing on behalf of Defendant.  After reviewing the motion and the supporting
and opposing memoranda, the Court DENIES Defendant's Motion.

<u>BACKGROUND</u>

First Hawaiian Bank ("FHB") is a Hawaii corporation with its
headquarters in Hawaii.  Defendant is a California resident who owned a car
dealership in Tracy, California (the "Dealership").  Defendant has been involved in
the car dealership business for over 30 years, and has owned multiple dealerships,

none of which were in Hawaii.  Defendant opened the California Dealership in

1992, and hired Stephen Kraut as the general manager.  Defendant sold Kraut half

of the Dealership in 1999.  Defendant was not involved in the day-to-day

management of the Dealership.

The Dealership obtained financing, known as a flooring line of credit,

from Ford Motor Credit Corporation.  A flooring line of credit is secured by the

vehicles purchased with the loan proceeds, and the vehicles are part of the lender's

collateral.  When vehicles are sold, specific amounts must be paid to the lender.

The lender usually conducts monthly inventory audits by counting the vehicles in

the inventory.  When a vehicle is sold, but the proceeds are not paid to the lender,

the vehicle is considered to have been sold out of trust.

In 2005, Citibank became the flooring line of credit lender for the

Dealership and extended a $10,000,000 flooring line.  Defendant executed personal

guaranties, which provided that an action arising out of the guaranty would be filed

in California and would be governed by California law.  On June 23, 2005,

Citibank notified the Dealership that its flooring line had been sold to FHB.

Citibank advised the Dealership to contact FHB for advances on the flooring line

and provided contact information for FHB, which was an address in Pasadena,

California, and provided a phone number with the Los Angeles area code.

In April 2006, FHB entered into an amendment of the Citibank flooring agreement with Defendant and Kraut, which increased the flooring line to $11,000,000. Defendant and Kraut signed a reaffirmation of the Citibank guaranty. The parties again amended the flooring agreement in August 2006, and signed reaffirmations of guaranties.

On October 30, 2006, FHB sent a commitment letter to Defendant and Kraut notifying them that it had approved a renewal of the flooring line. This letter was signed by a FHB Vice President who worked in the Pasadena office. The renewed flooring line increased the credit for the Dealership to more than $12,000,000. The letter referenced the following four documents to be executed, in addition to the commitment letter: a Floor Agreement; a Security Agreement; and two copies of a Commercial Continuing Guaranty ("FHB Guaranty") for Defendant and Kraut. Defendant signed all of the documents. The Security Agreement is a two-page document, in small font, which has a separate numbered paragraph with a subpart entitled "Governing Law." (Ex. E, attached to Bartel Decl.) That section provides that "[b]y signing this Agreement, the Dealer agrees to the jurisdiction of the state and federal courts in the State of Hawaii and further agrees that any legal action that may be filed by the Dealer elsewhere will be transferred to an appropriate court in Hawaii . . . ." (Id.) The Flooring Agreement

3

is also two pages and has a separate paragraph entitled "Governing Law" in bold.

(Ex. F, attached to Bartel Decl.)  That section likewise provides that "[j]urisdiction

of the parties and venue shall be in Honolulu, Hawaii[.]"  (Id.)  The FHB Guaranty,

which is the agreement at issue in this lawsuit, is a one-page document and the

entire document is in the same size small font, approximately 10 point in size.  (Ex.

H, attached to Bartel Decl.)  The paragraphs are numbered but do not have titles.

The last paragraph, paragraph 14, just above Defendant's signature, provides in its

entirety as follows:

> In all cases where there is only one Borrower or only one
> Guarantor, then all words used herein in the plural shall
> be deemed to have been used in the singular where the
> context and construction so require; and where there is
> more than one Borrower or more than one Guarantor, the
> words 'Borrowers' and 'Guarantors', respectively, shall
> mean all and any one or more of them. <u>This guaranty
> shall be construed in accordance with the laws of the Sate
> of Hawaii wherein it shall be performed by the
> undersigned Guarantors, the Guarantors hereby
> irrevocably submitting, for the purposes of any action or
> proceeding to enforce this guaranty, to the jurisdiction of
> the courts of the State of Hawaii and the federal District
> Court for the District of Hawaii, and to venue in
> Honolulu, Hawaii.</u>

(Id.)  (emphasis added).  The underlined portion of the FHB Guaranty is referred to

herein as "the Forum Consent Clause."

In November 2007, FHB's bank in Pasadena allegedly discovered that more than $8,000,000 worth of inventory of the Dealership had been sold out of trust.  As Defendant was not involved in day-to-day management of the Dealership, he was unaware of this.  Defendant first became aware of this in November 2007, when Kraut allegedly admitted that he had been selling vehicles out of trust.  FHB had allegedly been performing audit reports for the past several months that showed an increase in the number of vehicles sold out of trust, totaling more than $2,000,000, yet failed to take action or inform Defendant.  The Dealership allegedly defaulted on this obligations under the Flooring Agreement.  Defendant closed the Dealership and sold its assets.  According to FHB, Defendant has not honored the FHB Guaranty.  FHB filed the instant suit on April 21, 2008, for breach of the Guaranty.

On June 6, 2008, Defendant filed a Motion to Transfer Venue.  Magistrate Judge Kobayshi issued a findings and recommendation that the motion be denied on August 20, 2008.  Defendant filed objections to the recommendation.  Those objections are currently pending before this Court.

On June 6, 2008, Defendant filed the instant motion to dismiss arguing that the Forum Consent Clause is unenforceable because it is a permissive clause and FHB overreached by deceptively burying the clause in the Guaranty.

5

(Doc. # 24.)  Defendant, therefore, argues that venue in Hawaii is improper and this Court has no personal jurisdiction over him.  FHB filed its opposition on July 24, 2008, and Plaintiff filed a reply on August 4, 2008.

<u>STANDARD OF REVIEW</u>

Defendant moves this Court for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3), asserting that the Forum Consent Clause in the FHB Guaranty is unenforceable.  In "resolving motions to dismiss based on a forum selection clause, the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis. . . . Analysis under Rule 12(b)(3) . . . permits the district court to consider facts outside of the pleadings[.]"  <u>Argueta v. Banco Mexicano, S.A.</u>, 87 F.3d 320, 324 (9th Cir. 1996).  However, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party[.]"  <u>Murphy v. Schneider Nat'l, Inc.</u>, 362 F.3d 1133, 1138 (9th Cir. 2004).

When genuine issues of material fact are raised, the district court may hold an evidentiary hearing on the disputed facts.  <u>Id.</u>  "Whether to hold a hearing on disputed facts and the scope and method of the hearing is within the sound discretion of the district court."  <u>Id.</u>  Upon holding a hearing, "the district court may weigh evidence, assess credibility, and make findings of fact that are

dispositive on the Rule 12(b)(3) motion.  These factual findings, when based upon an evidentiary hearing and findings on disputed material issues, will be entitled to deference."  <u>Id.</u> at 1140.  Both parties request that this Court determine the instant motion without holding an evidentiary hearing.

"Alternatively, the district court may deny the Rule 12(b)(3) motion while granting leave to refile it if further development of the record eliminates any genuine factual issue."  <u>Id.</u> at 1139.

DISCUSSION

Forum selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason."  <u>Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 12 (1972).  The party challenging a forum selection clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching."  <u>Id.</u> at 15.  In addition, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."  <u>Id.</u>; <u>see</u> <u>Murphy</u>, 362 F.3d at 1140.  This is often referred to as the <u>Bremen</u> test.

Defendant first argues that the <u>Bremen</u> presumption of enforceability does not apply because the Forum Consent Clause is allegedly permissive, rather than mandatory.  In <u>Hunt Wesson Foods, Inc. v. Supreme Oil Co.</u>, 817 F.2d 75, 77 (9th Cir. 1987), the Ninth Circuit discussed the difference between mandatory and permissive clauses.  The Ninth Circuit noted that if parties merely consent to the jurisdiction of a particular court, the forum selection clause is permissive, whereas if the clause provides that a particular court has exclusive jurisdiction, the clause is a mandatory clause.  <u>Id.</u>  Courts have then held that mandatory clauses must be enforced.  <u>Talatala v. Nippon Yusen Kaisha Corp.</u>, 974 F. Supp. 1321, 1325 (D. Haw. 1997).[1]

The Forum Consent Clause here provides that "the Guarantors hereby irrevocably submitting, for the purposes of any action or proceeding to enforce this guaranty, to the jurisdiction of the courts of the State of Hawaii and the federal District Court for the District of Hawaii, and to venue in Honolulu, Hawaii."  (FHB Guaranty.)  Defendant asserts that this is a permissive clause because the clause does not require FHB or Defendant to bring suit in Hawaii, it does not make

_____

[1]<u>See also</u> <u>Manetti-Farrow, Inc. v. Gucci Am., Inc.</u>, 858 F.2d 509, 513 (9th Cir. 1988) ("the federal rule announced in Bremen controls enforcement of forum clauses in diversity cases. Moreover, because enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses") (citation omitted).

Hawaii the exclusive forum, and it does not deprive other locals from exercising jurisdiction.

Although it could be argued that the Forum Consent Clause is permissive, and not mandatory, it does not follow that the <u>Bremen</u> presumption of enforceability does not apply in this instance.  The cases relied upon by Defendant did not hold that the <u>Bremen</u> test does not apply to challenges of permissive forum selection clauses in the context of a party seeking to invalidate the clause. Moreover, those cases resolved a different issue than the issue before this court, and/or were in a different procedural posture than this case.

For example, in <u>Hunt</u> the district court reviewed the forum selection clause in deciding a motion to remand the case to state court and in reconsidering the order remanding the case.  817 F.2d at 76.  The district court found that the forum selection clause mandated that all disputes be resolved in state court.  The Ninth Circuit reversed, concluding that the forum selection clause was a permissive clause that did not confer exclusive and mandatory jurisdiction in state court and that the district court erred in remanding the action to state court.  <u>Id.</u> at 78.

In <u>Talatala</u>, 974 F. Supp. at 1325, the defendant sought to enforce a forum selection clause that provided "any action thereunder shall be brought before the Tokyo District Court in Japan."  This Court found that the clause was a

9

mandatory clause and therefore, could be enforced absent a showing that such

enforcement was unjust or unreasonable.  Id.  In John Boutari and Son, Wines and

Spirits, S.A. v. Attiki Importers and Distributors Inc., 22 F.3d 51, 52 (2nd Cir.

1994), the defendant argued that the case should be dismissed from the district

court of New York because the forum selection clause provided that any dispute

shall come within the jurisdiction of the competent Greek courts.  The Second

Circuit disagreed, and found that the clause was permissive and the district court

could retain jurisdiction.  Id.

      The issue here is not whether a forum selection clause providing for

jurisdiction in an another court is proper, or whether another court has exclusive

jurisdiction, as it was in Hunt, John Boutari, and Talatala.  Rather, the issue in this

case is only whether Defendant's consent to jurisdiction in this Court is

enforceable.  Unlike the defendants in the Talatala case and John Boutari case,

Defendant is seeking to avoid the forum selection clause, not enforce it.  Also,

unlike the Hunt case, Defendant is arguing that another forum, which is not listed

in the Guaranty, is more appropriate than this forum, rather than asserting that

another forum is the exclusive forum.

      Accordingly, the cases cited by Defendant are not instructive on the

issue presently before this Court.  See Hunt, 817 F.2d at 77 ("the sole question is

10

whether the forum selection clause provides for exclusive jurisdiction in the California state court and mandates that the claim be litigated in the state court for Orange County"); see also, Talatala, 974 F. Supp. at 1323-24 (the defendant sought to enforce a forum selection clause which was mandatory, not avoid enforcement of a permissive clause); John Boutari, 22 F.3d at 52 (same); AVC Nederland B.V. v. Atrium Inv. P'ship, 740 F.2d 148, 152, 156 (2nd Cir. 1984) (defendant sought dismissal in order to enforce a forum selection clause).  Therefore, this Court concludes that the Bremen presumption of enforceability applies to the Forum Consent Clause and in order to avoid the clause, Defendant must show that enforcing it would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.

Defendant argues that enforcement would be unreasonable and unjust because incorporation of the Forum Consent Clause was the result of fraud and overreaching by FHB.[2]  Specifically, Defendant claims that FHB failed to reasonably communicate the existence of the clause because the clause is buried in the Guaranty, written in 10 point font, and part of a paragraph that discusses terms unrelated to forum selection.  This argument is unavailing.

---

[2] Defendant has clarified that he does not claim that FHB fraudulently induced him into signing the Guaranty.

11

First, the entire Guaranty is only one page long and all of it is written in the same size font.  Thus, the Forum Consent Clause was not in a smaller size print than any other portion of the Guaranty.  Moreover, Defendant signed the Security Agreement and the Flooring Agreement at the same time as the Guaranty and both of those agreements included an entire paragraph clearly entitled Governing Law, stating that the parties consented to jurisdiction in the courts of Hawaii.  Defendant does not claim that these clauses were hidden or buried. Indeed, Defendant points out that the clauses in these agreements were more obvious than the Forum Consent Clause in the Guaranty.  This fact cuts against Defendant's argument that the Forum Consent Clause was buried in the Guaranty because it makes no sense that Defendant would have understood and agreed that he consented to jurisdiction in Hawaii for claims arising from the Security Agreement and Flooring Agreement, since those sections were obvious,[3] yet claim that the clause in the Guaranty was so buried that he was unaware of it.  Why would Defendant, a sophisticated business man with access to legal counsel, believe that he would be subject to jurisdiction of the courts in Hawaii for disputes pertaining to only two of the three agreements he signed, or why would Defendant

---

[3] Defendant has not asserted that he did not read any of the agreements or that he did not understand them.

12

believe that the Guaranty would contain a forum selection clause choosing a different forum than Hawaii?

Defendant also argues that the Guaranty is an adhesion contract presented to Defendant without negotiation, on a take it or leave it basis, giving Defendant no choice but to sign it.  Defendant asserts that he had no choice because he was already bound to FHB through the previous guaranty he signed, the existing flooring line of credit had matured, and if he refused to sign the new Guaranty, FHB would call in the existing $11,000,000 loan, thereby giving FHB overwhelming bargaining power.  This argument also fails.

First, the mere fact that a contract was not negotiated does make the forum selection clause unenforceable.  The Supreme Court has rejected this argument and held that "[u]nequal bargaining power between the parties does not make a forum selection clause unenforceable."  <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 595 (1991).  The Ninth Circuit has likewise held that "a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause."  <u>Murphy</u>, 362 F.3d at 1141 (citation omitted).  Moreover, even if the non-negotiation or differential in power could invalidate a forum selection clause, Defendant has not presented evidence that the Guaranty was given

13

on a take it or leave it basis, and that he could not have obtained financing elsewhere, or was otherwise forced to accept it.

Defendant next asserts that he can prove overreaching because FHB asked Defendant to sign its forms, rather than the Citibank forms he had previously signed, only after the California Supreme Court held that pre-litigation waivers of jury trials violated the California constitution.  See Grafton Partners L.P. v. Superior Court, 116 P.3d 479, 485 (Cal. 2005) ("waiver of the right to jury trial in a civil cause is permitted only as prescribed by statute").  Defendant claims that FHB knew the Dealership was selling cars out of trust, knew that the Dealership would likely fold and it would eventually have to sue Defendant, knew that under the Citibank forms it would have to sue Defendant in California, and that under the new California law, Defendant would have a right to a jury trial.  Defendant avers that FHB therefore had Defendant sign its forms, which included a "buried" choice of law provision of Hawaii law and venue in Hawaii, as a means of avoiding a jury trial.

FHB asserts that the California Grafton decision has no bearing on Defendant's right to a jury trial because federal law controls this issue and the federal law remains the same as it has always been -- that parties may waive their right to a jury trial in a pre-litigation contract.  See Simler v. Conner, 372 U.S. 221,

14

222 (1963) ("the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions"); Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc., 521 F. Supp. 2d 1031, 1044 (N.D. Cal. 2007) ("under federal law, parties may contractually waive their right to a jury trial").  In addition, FHB argues that this issue does not pertain to the Forum Consent Clause, but instead pertains only to the waiver of a jury trial.

Defendant counters that although this is true, this argument is unavailing because federal law applies only in this situation because there is diversity of parties.  Had jurisdiction been maintained in California as set forth in the Citibank guaranty, FHB could not have brought suit in a federal court because there would be no diversity of parties.  Thus, Defendant would have had a right to a jury trial.  Defendant also argues that if his "hypothesis," as he calls it, as to FHB's motive in re-documenting the guaranty was unfounded, FHB could have submitted a declaration stating that the Grafton decision had no impact in its decision to re-document the Citibank guaranty.

Defendant's argument is misplaced.  FHB did not need to submit a declaration describing its reasons for changing the documentation from Citibank forms to FHB forms, because Defendant, the moving party, presented only a "hypothesis," as he refers to it, as to the reason for the documentation.  Defendant

15

presented no evidence, not even his own declaration, to support his hypothesis.
Defendant presented only argument by his counsel, which is not evidence in
support of his theory of motive.  See Carrillo-Gonzalez v. I.N.S., 353 F.3d 1077,
1079 (9th Cir. 2003) (argument by counsel is not evidence).  Even if Defendant
had attested to such hypothesis in his declaration, he provided no other evidence
and therefore, his testimony would have been based solely upon speculation.
Speculative testimony is insufficient to meet the heavy burden required to
invalidate a forum selection clause by a showing of fraud or overreaching.

Therefore, this Court finds that Defendant has not established that the
Forum Consent Clause is unenforceable.  Because Defendant consented to
jurisdiction in this Court, his motion to dismiss is DENIED.  Also, because
Defendant consented to this Court's jurisdiction through a valid forum selection
clause in a contract, this Court need not consider his lack of minimum contacts
argument.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion

to dismiss.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 22, 2008.



_____
David Alan Ezra
United States District Judge

First Hawaiian Bank v. Bartel, CV No. 08-00177 DAE LEK; ORDER DENYING
DEFENDANT'S MOTION TO DISMISS

17