IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FIRST HAWAIIAN BANK, a Hawaii corporation, </br></br>         Plaintiff, </br></br>    vs. </br></br> DAVID BARTEL, an individual, </br></br>         Defendant. </br> _____ | CV. NO. 08-00177 DAE-LEK |

ORDER DENYING DEFENDANT'S OBJECTIONS
AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDATIONS TO DENY DEFENDANT'S
<u>MOTION TO TRANSFER VENUE</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's objections to the findings and recommendations of the Magistrate Judge to deny Defendant's motion to transfer venue and the supporting and opposing memoranda, the Court DENIES Defendant's objections and ADOPTS the Magistrate Judge's Findings and Recommendations.

## BACKGROUND

First Hawaiian Bank ("FHB") is a Hawaii corporation with its headquarters in Hawaii. Defendant is a California resident who owned a car dealership in Tracy, California (the "Dealership"). Defendant has been involved in the car dealership business for over 30 years, and has owned multiple dealerships, none of which were in Hawaii. Defendant opened the California Dealership in 1992, and hired Stephen Kraut as the general manager. Defendant sold Kraut half of the Dealership in 1999. Defendant was not involved in the day to day management of the Dealership.

The Dealership obtained financing, known as a flooring line of credit, from Ford Motor Credit Corporation. A flooring line of credit is secured by the vehicles purchased with the loan proceeds, and the vehicles are part of the lender's collateral. When vehicles are sold, specific amounts must be paid to the lender. The lender usually conducts monthly inventory audits by counting the vehicles in the inventory. When a vehicle is sold, but the proceeds are not paid to the lender, the vehicle is considered to have been sold out of trust.

In 2005, Citibank became the flooring line of credit lender for the Dealership and extended a $10,000,000 flooring line. Defendant executed personal guaranties, which provided that an action arising out of the guaranty would be filed

in California and would be governed by California law.  On June 23, 2005, Citibank notified the Dealership that its flooring line had been sold to FHB.  Citibank advised the Dealership to contact FHB for advances on the flooring line and provided contact information for FHB, which was an address in Pasadena, California, and provided a phone number with the Los Angeles area code.

In April 2006, FHB entered into an amendment of the Citibank flooring agreement with Defendant and Kraut, which increased the flooring line to $11,000,000.  Defendant and Kraut signed a reaffirmation of the Citibank guaranty.  The parties again amended the flooring agreement in August 2006, and signed reaffirmations of guaranties.

On October 30, 2006, FHB sent a commitment letter to Defendant and Kraut notifying them that it had approved a renewal of the flooring line.  This letter was signed by a FHB Vice President who worked in the Pasadena office.  The renewed flooring line increased the credit for the Dealership to more than $12,000,000.  The letter referenced four documents to be executed, in addition to the commitment letter: a Floor Agreement; a Security Agreement; and two copies of a Commercial Continuing Guaranty ("FHB Guaranty") for Defendant and Kraut.  Defendant signed all of the documents.  The FHB Guaranty, which is the agreement at issue in this lawsuit, provides in part that:

3

> In all cases where there is only one Borrower or only one Guarantor, then all words used herein in the plural shall be deemed to have been used in the singular where the context and construction so require; and where there is more than one Borrower or more than one Guarantor, the words 'Borrowers' and 'Guarantors', respectively, shall mean all and any one or more of them. <u>This guaranty shall be construed in accordance with the laws of the Sate of Hawaii wherein it shall be performed by the undersigned Guarantors, the Guarantors hereby irrevocably submitting, for the purposes of any action or proceeding to enforce this guaranty, to the jurisdiction of the courts of the State of Hawaii and the federal District Court for the District of Hawaii, and to venue in Honolulu, Hawaii</u>.

(<u>Id.</u>) The underlined portion of the FHB Guaranty is referred to herein as "the Forum Consent Clause."

In November 2007, FHB's bank in Pasadena allegedly discovered that more than $8,000,000 worth of inventory of the Dealership had been sold out of trust. As Defendant was not involved in day to day management of the Dealership, he was unaware of this. Defendant first became aware of this in November 2007, when Kraut allegedly admitted that he had been selling vehicles out of trust. FHB had allegedly been performing audit reports for the past several months that showed an increase of the number of vehicles sold out of trust, totaling more than $2,000,000, yet failed to take action or inform Defendant. The Dealership allegedly defaulted on this obligations under the Flooring Agreement. Defendant

4

closed the Dealership and sold its assets. According to FHB, Defendant has not honored the FHB Guaranty. FHB filed the instant suit on April 21, 2008, for breach of the Guaranty.

On June 6, 2008, Defendant filed a Motion to Transfer venue. Magistrate Judge Kobayshi issued a findings and recommendation that the motion be denied on August 20, 2008. (Doc. # 56.) Magistrate Judge Kobayashi weighed eight factors, as directed by the Ninth Circuit, and found that Defendant failed to meet his burden that a district in California would clearly be a more convenient forum. Defendant filed objections to the recommendation on September 4, 2008. (Doc. # 58.) Plaintiff filed a response on September 15, 2008. (Doc. # 60.)

In addition, on June 6, 2008, Defendant filed a motion to dismiss for lack of proper venue, arguing that the Forum Consent Clause was unenforceable. After a hearing, and contemporaneously with the filing of this order, this Court denied that motion and held that the clause was enforceable.

## STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. A de

novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

Pursuant to 28 U.S.C. § 1404 "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When deciding a motion for transfer of venue, the court must consider and weigh the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

>   compulsory process to compel attendance of unwilling
>   non-party witnesses, and (8) the ease of access to sources
>   of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). "[T]he presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis. . . [and] the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." Id. at 499.

"[T]he Court must engage in a two-part inquiry.  First, the Court determines whether the action could have been brought in the transferee court.  Second, the Court considers whether the transfer will enhance the convenience of the parties and witnesses, and is in the interests of justice." Lee v. Corrs. Corp. of Am., 525 F. Supp. 2d 1238, 1244 (D. Haw. 2007) (citations and internal quotation marks omitted) . "If, upon balance of these factors, a court finds that the other forum is clearly more convenient, it will transfer the action." Id.

Defendant attacks the Magistrate Judge's findings with respect to only some of these factors.  Defendant asserts that this action could have been brought in the Northern District of California because he lives there.  Although this is undisputed, this fact by itself is insufficient to grant a transfer of venue because this Court has already determined that there is an enforceable forum selection clause selecting this Court in the Guaranty at issue in the lawsuit.

Defendant next claims that the convenience of the witnesses prong weighs strongly in favor of transfer because the former lenders, Citibank and Comerica, the Dealership's accountants, Kraut, and DataScan are not located in Hawaii. This argument is not helpful to Defendant because he has not identified the substance or relevance of most of these witnesses' testimony.  For example, Defendant has not explained the relevance of his dealings with his former lenders in relation to his alleged default on the Guaranty with FHB.  Neither has Defendant identified the expected testimony from his former partner, his bookeeper, or of DataScan employees.  See Bohara v. Backus Hosp. Med. Benefit Plan, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) ("if the transfer is for the convenience of witnesses, defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them").

In addition, the accountants identified by Defendant are his chosen experts.  Defendant has not provided any reason why he could not hire an expert located in Hawaii.  Finally, with respect to DataScan, Defendant acknowledges that DataScan is not located in California.  Thus, even if DataScan had relevant testimony, Plaintiff has not shown why the Northern District of California is a more convenient forum than Hawaii for witnesses from DataScan, which is

8

purportedly located in Georgia. Therefore, as the Magistrate Judge found, the convenience of the witnesses factor weighs only slightly in favor of transfer, not strongly in favor of transfer.

Defendant also asserts that the public and private factors of the interests of justice prong weigh in favor of transfer. The public factors of this prong to be considered by this Court include:

> (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interests in having localized controversies decided at home; and (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action and the avoidance of unnecessary conflicts of law.

Lee, 525 F. Supp. 2d at 1244 (ellipses and brackets omitted). The private factors to be considered are: "(1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of witnesses; (3) possibility of viewing subject premises; and (4) all other factors that render trial of the case expeditious and inexpensive." Id. (citations and brackets omitted).

Defendant claims that the first three public factors weigh heavily in favor of transfer. Defendant, however, does not discuss the first factor regarding court congestion. With respect to the second and third public factors, Defendant

9

argues they weigh in his favor because people in Hawaii have no relationship to the litigation, FHB actively left Hawaii and came to California to do business, and California has a strong interest in seeing that misconduct committed within its borders is rectified.

This Court agrees with the Magistrate Judge that these three factors are neutral.  As noted by the Magistrate Judge, with respect to the first public factor, this case is in its early stages and would place an equal burden upon the docket of either court.  With respect to the second factor, it is neutral because Defendant waived his right to a jury trial.  The third factor is also neutral because although the California community has an interest in the litigation, Hawaii also has an interest because the Guaranty provides that Hawaii law governs and FHB is a Hawaii corporation with its headquarters in Hawaii.  Moreover, Hawaii citizens have an interest in seeing that its local banks are able to collect on delinquent loans.

Defendant next argues that all four private factors weigh in favor of transfer.  The Magistrate Judge found that only the second and third factors weighed in favor of transfer.

Defendant states that the first factor regarding sources of proof weighs in his favor because he suspects that the documentation that FHB contends is only

10

available in Hawaii is actually also available in California.  This argument misses the point.  This Court must look at the ease of access to the sources of proof, not whether the documents could be made available.  Thus, as the Magistrate Judge found, this factor is neutral because some sources are more readily available in Hawaii and others are more readily available in California.

        Defendant claims that the fourth factor weighs in favor of transfer because the parties, documents, and witnesses are all located in California.  This assertion is simply not supported by the record.  FHB's documents and witnesses are located in Hawaii.  Accordingly, as the Magistrate Judge found, this factor is neutral.

        Therefore, Defendant's objections are not substantiated as he has not shown that on balance California is clearly a more convenient forum.  Defendant's objections are denied and this Court adopts the Magistrate Judge's findings and recommendations.


## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's objections and ADOPTS the Magistrate Judge's Findings and Recommendations.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 22, 2008.



_____
David Alan Ezra
United States District Judge

First Hawaiian Bank v. Bartel, CV No. 08-00177 DAE LEK; ORDER DENYING DEFENDANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO TRANSFER VENUE